UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL, | Case No. 2:24-cv-03403-DC-CSK PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS DENYING IFP AND DISMISSING COMPLAINT |
| DJ MOBILE, et al., | |
| Defendants. | (ECF Nos. 1, 2) |

Plaintiff Chad Michael Creel is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.¹ (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

¹ This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

      Here, Plaintiff's IFP shows that he has a yearly income of $13,000, and pays $900 a month in rent. *See* ECF No. 2. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

/ / /

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

### III. THE COMPLAINT

Plaintiff brings this action against twelve Defendants: DJ Mobile; Law Office of Joseph Carrol; Western Association Housing Association; Storz Management Co; Sacramento Supervisor; Jon Owens; Glenn County Sheriff; Attorney Stephan Rice; Haggin Oak Estates; Sacramento County; Sacramento County Sheriff Department; and Court Commissioner. *See* Compl. (ECF No. 1). In the Complaint, Plaintiff also lists "RV Park Management Company" as a Defendant (*id.* at 13) but this Defendant is not listed in the caption. The Complaint appears to be made up of multiple complaints alleging various causes of actions against the different Defendants. Not all Defendants listed have causes of action asserted against them.

Plaintiff brings his first claims against Sacramento County, Sacramento County Sheriff Department, and Court Commissioner. Compl. at 9-12. Plaintiff states that he brings this action because these Defendants mishandled his case and violated his rights under the Sacramento County Code of Ethics and "various statues." *Id.* at 9. Plaintiff alleges that the Court Commissioner and Sheriff Department discriminated against him by failing to provide necessary accommodations for his disability, violating their own code of ethics. *Id.* at 10. He also alleges that the Court Commissioner refused to allow reasonable accommodation "such as the presence of [his] social worker or necessary tools like a fidget spinner," in violation of his rights "as a disabled individual." *Id.* Plaintiff further alleges that his due process rights were violated by the rushed nature of his trial and the "refusal to grant a continuance." *Id.* Plaintiff also states that he was served improperly, he received negligent legal advice, and there was "tortious interference with [his] rights and relationships." *Id.* at 10-11.

Plaintiff brings his next claims against "DJ Mobile" and "RV Park Management Company." *Id.* at 13-16. Plaintiff brings claims for defamation, harassment, negligence, infestation, illegal eviction, and emotional distress. *Id.* at 13-14. Plaintiff states that these Defendants made false accusations against him of animal abuse and "maintaining unsanitary conditions." *Id.* at 13.

4

Pages seventeen through thirty-eight of the Complaint contain allegations against unnamed defendants with place holders where it appears a named party should be. These place holders include "Attorney Name," "Legal Aid Office Name," and "Legal Aid Attorney Name." *Id.* at 17-38. Plaintiff brings claims for unethical practices, negligent representation, tortious interference, false claims, shortening of trial, request for recusal of an attorney, intimidation in court, emotional distress, "misleading information," and "breach of duty." *Id.*

The next portion of Plaintiff's Complaint includes a "request for change in landlord policies" relating to the requirement for tenants to mow grass. *Id.* at 39-46. Plaintiff does not name a specific Defendant in this section.

Finally, Plaintiff brings claims against the Glen County Sheriff, Sacramento County, "park authorities," and "their attorney" regarding his application to carry a concealed weapon. *Id.* at 46-66. Plaintiff alleges that there were delays and mishandling of his application which violated his Second Amendment rights. *Id.*

## IV.   DISCUSSION

### A.   Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*"

subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint asserts jurisdiction based on federal law. Compl. at 3. However, the Complaint does not adequately present any federal question. Reading Plaintiff's Complaint liberally, it seems that Plaintiff is first attempting to bring a disability discrimination claim, a claim for violation of due process, and various state law claims against Sacramento County, Sacramento County Sheriff, and Court Commissioner for mishandling his state court case. Compl. at 9-12. Plaintiff does not state the name of this case or describe any details about the case, but it is clear that he is referring to a state court case and trial. *See* Cal. Const., art. VI, § 22; Cal. Gov. Code § 72190; Cal. Civ. Proc. Code § 259; *see also Branson v. Martin*, 56 Cal.App.4th 300, 305 (1997) (stating that a court commissioner is a judicial officer authorized by the California Constitution and the Legislature). Plaintiff states that the Court Commissioner mishandled his case by ignoring his request for a continuance and his concern regarding misconduct, and refused to allow him reasonable accommodations, such as the presence of his social work or necessary tools. *Id.* He also states that "the refusal to grant a continuance" and the "rushed nature of the trial" violated his due process rights. *Id.* Because Plaintiff's claims against these Defendants are about a prior state court action, they are barred by the *Rooker-Feldman* doctrine. *See Worldwide Church of God v. McNair, et al.*, 805 F.2d 888, 890 (9th Cir. 1986) (stating that under the *Rooker-Feldman* doctrine, federal district courts may not "review the final determinations of a state court in judicial proceedings"); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (holding that district courts lack subject matter jurisdiction if the current claims are "inextricably intertwined" with a state court decision and "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules").

Further, Plaintiff's claims against the Court Commissioner fail because the Commissioner is entitled to judicial immunity. Judicial immunity is an immunity from suit

and from an assessment of damages, and applies even when a judge is accused of acting maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-54 (1967). Judicial immunity can be overcome when a judge acts outside of his or her judicial capacity and where judicial actions were taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. A Court Commissioner is entitled to judicial immunity. *Razavi v. Traffic Court of Santa Clara Cnty.*, 2019 WL 1676018, at *4 (N.D. Cal. Apr. 17, 2019) (citing *Regan v. Price*, 131 Cal.App.4th 1491, 1495 (2005) and *Tagliavia v. Cty. of Los Angeles*, 112 Cal.App.3d 759, 761 , 763 (1980)).

       The Complaint includes two sentences that refer to the failure to accommodate. The Complaint alleges that (1) the Court Commissioner and the Sheriff's Department "failed to provide necessary accommodations for [his] disability"; and (2) the Court Commissioner "refus[ed] to allow reasonable accommodations, such as the presence of [his] social worker or necessary tools like a fidget spinner[.]" Compl. at 10. This could be construed as a potential failure to accommodate claim brought under Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act. This potential claim should be dismissed. As stated above, the commissioner has judicial immunity. *See Razavi*, 2019 WL 1676018, at *4. Though the Sheriff's Department is referenced, the Complaint does not actually allege any acts by the Sheriff's Department related to accommodation. *See Gorham v. Hedgpeth*, 2013 WL 530904, at *3 (N.D. Cal. Feb. 11, 2013) (dismissing defendants who are named in the caption of the complaint but not the body of the complaint, because plaintiff did not allege a basis for liability for those defendants).

       Even if Plaintiff's claim against the Court Commissioner was not barred by judicial immunity or if Plaintiff had brought his claim against the state court,[2] he has not

---

[2] The Court does not decide whether a failure to accommodate claim can be brought against the state court, as it appears the courts may be split on this issue. *Compare Muhammad v. Court of Common Pleas of Allegheny Cnty., Pa.*, 483 F. App'x 759, 763-64 (3d Cir. 2012), *with Serris v. Chastaine*, 2022 WL 2133900 (E.D. Cal. June 14, 2022). For the purpose of this analysis, the Court assumes that such a claim could be brought because even if such a claim can be brought, the Complaint fails to allege such a claim.

7

sufficiently alleged a failure to accommodate claim. To state a failure to accommodate claim under the ADA, Plaintiff must show (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied benefit of a public entity's services, programs or activities; and (3) the exclusion, denial or discrimination was because of his disability. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); *Muhammad*, 483 F. App'x at 763. The requirements for a claim under section 504 of the Rehabilitation Act are the same as those under the ADA, with an additional requirement that a plaintiff demonstrate that the violation was committed by a program or activity receiving federal financial assistance. *Muhammad*, 483 F. App'x at 763. Plaintiff can assert a failure to accommodate claim as an individual basis for liability under these statutes. *Id.* Plaintiff must show that the accommodation sought is reasonable, "i.e., necessary to permit his meaningful participation." *Id.* Plaintiff has not alleged that he is a qualified individual with a disability where the Complaint does not identify any claimed disability. *See* Compl. The Complaint also does not allege that the accommodations were reasonable, i.e., necessary for his meaningful participation in his state court case. *See Muhammad*, 483 F. App'x at 763. To the extent Plaintiff alleges a violation of the Sacramento County Code of Ethics, this is not a federal question. *See* Compl. at 10.

      Plaintiff raises various allegations and claims that are unrelated to the primary nucleus of facts, which is improper and must be brought in separate lawsuits. A plaintiff may properly assert multiple claims against a single defendant. Fed. R. Civ. P. 19. A plaintiff may also join multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But unrelated claims brought against different defendants must be pursued in separate lawsuits. *Jenkins v. Bonds*, 2015 WL 1956851, at *3 (E.D. Cal. Apr. 29, 2015) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). For example, Plaintiff alleges that the "delays and mishandling" of his concealed carry application by the Sheriff's

1  Department denied Plaintiff his Second Amendment rights. Compl. at 47. To the extent
2  that Plaintiff could bring a Second Amendment claim, this unrelated claim must be
3  brought in a separate lawsuit. The Court notes that the Ninth Circuit has held that the
4  Second Amendment does not protect the right of a member of the general public to carry
5  concealed firearms in public. *See Peruta v. Cnty. of San Diego*, 824 F.3d 919, 939 (9th
6  Cir. 2016), *abrogated on other grounds by New York State Rifle & Pistol Ass'n, Inc. v.*
7  *Bruen*, 597 U.S. 1 (2022).

8        The only other reference to federal law is Plaintiff's allegation that requiring a
9  tenant to mow grass violated his First Amendment rights, which is also unrelated to the
10 primary nucleus of facts. *See* Compl. at 42, 44. Plaintiff does not explain how mowing
11 grass violates his First Amendment rights or make this allegation against a specific
12 Defendant. Labeling this a First Amendment claim does not make it one.

13       Therefore, the Court does not have jurisdiction based on a federal question.
14 Plaintiff brings multiple claims against various Defendants under state law. *See* Compl.
15 The Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law
16 claims at this time because he has not stated a valid federal claim for relief.[3] *See*
17 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f
18 the federal claims are dismissed before trial . . . the state claims should be dismissed as
19 well.").

20       The Complaint also does not allege that there is diversity of citizenship between
21 the parties. Plaintiff alleges that he is from California and it appears that all named
22 Defendants are also from California. *See* Compl. Therefore, the Court lacks subject
23 matter jurisdiction under both diversity and federal question.

24       **B.**    **Failure to Comply with Federal Rule of Civil Procedure 8**

25       Plaintiff's Complaint does not contain a short and plain statement of a claim as
26 required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims

---

[3] For example, Plaintiff brings various state law claims against RV Park Management, though this party is not named in the caption of the Complaint.

and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff is attempting to bring multiple claims against many Defendants about unrelated incidents or events. This is improper. *See Jenkins*, 2015 WL 1956851, at *3; *George*, 507 F.3d at 607. Plaintiff's Complaint is also factually deficient and does not describe any of the various incidents in sufficient detail. Plaintiff's Complaint also contains multiple pages of allegations against unnamed parties, including "Attorney Name," "Legal Aid Office Name," and "Legal Aid Attorney Name." Compl. at 18, 26. Plaintiff has not alleged these claims against "specific defendants" as required. *See Kimes*, 84 F.3d at 1129. Plaintiff also makes general "request[s]" for changes to be made regarding certain policies that govern a landlord-tenant relationship related to a requirement for tenants to mow grass. Compl. at 39-46. These are not claims alleged against a specific Defendant.

Plaintiff has named twelve Defendants in the caption of his Complaint, but only discusses and brings claims against DJ Mobile; Glenn County Sheriff; Sacramento County; Sacramento County Sheriff Department; and County Commissioner. Plaintiff has not asserted any allegations against Law Office of Joseph Carrol; Western Association Housing Association; Storz Management Co; Sacramento Supervisor; Jon Owens; Attorney Stephan Rice; and Haggin Oak Estates. Because Plaintiff has not alleged a basis for liability against these Defendants, the claims against them should therefore be dismissed because Plaintiff has failed to state a claim against them. *See Gorham*, 2013 WL 530904, at *3.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough

detail to guide discovery").

### C. Leave to Amend

In considering whether leave to amend should be granted, the Court considers that the Complaint does not present a non-frivolous claim. In light of the Court's lack of subject matter jurisdiction and the Complaint's many deficiencies, including raising several unrelated claims against multiple defendants, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 28, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, cree.3404.24

11